## Parry v. Colonial Life Insurance Co.

*F. B. Gernerd,* for plaintiff.
*M. H. Philip,* for defendant.

HENNINGER, J., March 25, 1940.—This is a suit by the personal representative of an assured against the insurance company for the amount of a so-called "industrial" policy upon decedent's life. Defendant filed an affidavit of defense averring that it had paid the proceeds of the policy to decedent's stepdaughter under a "facility of pay-

ment" clause authorizing payment "to any relative by blood or connection by marriage of the insured, or to any person appearing to the company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial or for any other purpose". Plaintiff has moved for judgment for want of a sufficient affidavit of defense.

Defendant has based its discharge from liability under the policy upon its payment to the stepdaughter, not as a relative by blood or as one equitably entitled by reason of payment of expenses, but purely as a "connection by marriage" of assured. Our inquiry, therefore, narrows to the consideration whether, as the words were used in the policy, a stepdaughter is a connection by marriage.

We assume that, next to a wife or husband, the nearest connection by marriage a person may have is a stepchild, as close as that of stepfather or stepmother and surely closer than brother-in-law, sister-in-law or uncle or aunt by marriage. Unless, therefore, the language used was intended to describe only a husband or wife, it would have to include a stepchild.

If the portion of the clause had been intended to apply to husband and wife only, certainly more appropriate and less clumsy language could have been used. We are forced to the conclusion, therefore, that a stepdaughter is a "connection by marriage" entitled to payment of the proceeds of the policy and that payment to her is a full discharge of defendant's liability thereunder. Since we have determined that a stepchild is a very close connection by marriage, we need not decide how remote a "connection by marriage" may be recognized under such a clause. At least one distinction between a stepchild and other connections by marriage is the family relationship usually established and the fact that the stepparent stands in loco parentis.

Plaintiff has admitted an absence of cases construing this particular phrase "connection by marriage", but urges three reasons for a strict construction: First, that

it must be construed most strongly against the insurer; second, that the stepdaughter has shown no equities; and third, that a connection by marriage other than a husband is so remote as to be excluded from inheritance and is released from any liability for support or for burial.

If we had any doubt in the matter, the first argument would be persuasive, but since we consider the phrase unambiguous that principle does not apply. Plaintiff admits that it is only under the third class of admissible beneficiaries that equities are of importance. In the other two classes it is sufficient that the person paid comes within one of the classes and the company has chosen to pay that one. As to the third argument, both inheritance and liability for support are statutory matters, subject to the wish of the legislature. That the legislature has not seen fit to grant the privilege of inheritance to stepchildren nor to impose liability for support upon stepchildren sheds no light upon the meaning of the contract between insured and insurer.

Now, March 25, 1940, plaintiff's rule for judgment for want of a sufficient affidavit of defense is discharged, costs to abide the event of suit.